David Roberto ALVAREZ, Petitioner-Appellant,

v.

UNITED STATES of America, and United States District Court of Miami, Florida, Respondents-Appellees.

No. 72-1842
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1972.

---

* The Honorable James F. Battin, United States District Judge for the District of Montana, sitting by designation.

** Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

David Roberto Alvarez, pro se.

Robert W. Rust, U. S. Atty., George A. Kokus, Asst. U. S. Atty., Miami, Fla., for respondents-appellees.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from the denial by the District Court of appellant's petition styled "Petition for Mandamus: Change of Venue," etc. Appellant complains of lack of due process and the existence of a criminal conspiracy behind certain procedures used in the United States District Court for the Southern District of Florida in transferring to the same judge repeated post-conviction motions of a petitioner. Appellant has been before the same judge five times seeking post-conviction relief. The procedure used in the district is governed by its Local Rule 6, the pertinent part of which is set out in the margin.[1]

There is no merit to appellant's contention. As the District Court observed, "In these days of crowded dockets, judicial economy compels the use of any knowledge of the facts or other expertise which a judge may have acquired in his prior contacts with a litigant." The promulgation of Local Rule 6 is a proper exercise of the local rule-making authority of district courts, and conforms with the legislative mandates relative to post-conviction remedies, such as the requirement in Section 2255 cases that the petitioner's motion be made to the court which imposed the sentence.

Affirmed.

---

1. *B. Post-Conviction Relief, Criminal.* Whenever a second or subsequent action seeking post-conviction or other relief by petition for writ of habeas corpus is filed by the same applicant involving the same offense, the action shall be transferred to the judge to whom the original proceeding was assigned. All motions under 28 U.S.C. § 2255 shall be assigned to the judge to whom the original criminal proceeding was assigned.

*C. Similar.* Whenever an action or proceeding is filed in this Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail unnecessary duplication of judicial labor if heard by a different judge, the judges involved shall determine whether the newly filed action or proceeding should be transferred to the judge to whom the low numbered action or proceeding is assigned.